WATKINS *vs.* HARWOOD, *et al.*—*June*, 1830.

W, in March, 1827, filed a bill against the administrators of H, who died in 1826, for an account and distribution of his personal estate. After the coming in of the answers, and the cause had been referred to the auditor, the administrators filed with the auditor, as a set off to W's claim for a distributive share, a mortgage, from her to the deceased of *personal* property to secure the payment of a debt, containing a covenant for its payment on or before the 1st January, 1810. HELD, that the plea of limitations was a bar to this mortgage.

By the act of 1715, *ch.* 23, the Act of Limitations of this State, the recovery of a debt due by specialty is barred after a lapse of twelve years.

It is a settled principle that Chancery follows the law; and acting in obedience to the statute, the plea of limitations is as available in equity as at law, in relation to the same subject matter.

APPEAL from the Court of Chancery.

The bill which was filed in this case by the appellant, *Ann Watkins*, and others, representatives of *Benjamin Harwood*, deceased, on the 14th of March, 1827, against the

appellees, *Richard Harwood of Thomas,* and *Henry H. Harwood,* administrators of the said *Benjamin Harwood* and others, was for an account and distribution of the personal estate of *Benjamin,* who departed this life, as stated in the bill, some time in the month of January, or February, 1826, intestate. Upon the coming in of the answers, the Chancellor at July term, 1827, passed an interlocutory decree, referring the case to the auditor, with directions among other things, to state " an account of the personal estate of the said *Benjamin Harwood* in the hands of his administrators, and distributing the same amongst those entitled." After the case had been so referred to the auditor, the administrators of the said *Benjamin Harwood,* filed a certified copy of a mortgage from the said *Ann Watkins* to the said *Benjamin Harwood,* dated February 27th, 1809, of sundry personal property, consisting of negroes, horses, cattle, hogs, beds and bedding, and tobacco, to secure to the said *Benjamin* the sum of £243 15 shillings, current money, with interest, to be paid on or before the first day of January then next ensuing, with a covenant for the payment of the same at the period mentioned; and the said administrators contended that they had a right to retain the amount thereof, out of the said *Ann's* distributive share of the estate. To this mortgage, the act of limitations was pleaded; and the auditor considering the claim founded upon it barred by the statute, excluded it from his account.

BLAND, Chancellor, at September term, 1827, rejected the statement of the auditor, and again referred the case to him, being of opinion that the debt secured by the mortgage was not barred by the statute of limitations, and ordered him to state an account accordingly. From this order the present appeal was taken.

The cause was argued before BUCHANAN, Ch. J., EARLE, MARTIN, STEPHEN, and ARCHER, J.

*Boyle* and *Flusser*, for the appellant, contended,

1. That the claim secured by the mortgage ought not to have been allowed. They argued, that if the mortgagee had brought *trover* for the property, the *limitation to that action*, as prescribed by the act of Assembly, would have applied, and if pleaded, the plaintiff must have been defeated. If an action of debt had been brought on the covenant in the deed, twelve years would have been the bar. In this case the mortgagee is not attempting to enforce his lien, but uses his deed as a set off, and necessarily, therefore, as a mere evidence of debt.

2. The mortgage not being relied on in the answer, is not evidence, not being within the issue. They insisted that if the act of limitations is not expressly applicable to the Court of Chancery, but is adopted by analogy, we are to look to our own Courts for analogies; and if an action at law on the covenant, would be defeated by a plea of the statute, the Court of Chancery cannot give the party the benefit of it, when the same plea is interposed. They cited *Deloraine vs. Brown*, 3 *Bro. Ch. Rep.* 639. (*note.*) *Demarest vs. Wynkoop*, 3 *John. Ch. Cases*, 135. *Trash vs. White*, 3 *Bro. Ch. Rep.* 291. 1 *Coven. Pow.* 399, (*a.*) *Giles vs. Baremore*, 5 *Johns. Ch. C.* 552. 2 *Pow. on Mortg.* 775. *Hill vs. Chapman*, 11 *Ves.* 240. *Smith vs. Clarke*, 12 *Ves.* 480. *Harwood vs. Rawlings*, 4 *Harr. and Johns.* 126. The act of 1715, ch. 23.

*A. C. Magruder*, for the appellees, contended,

That limitations did not apply to a mortgage, either of real or personal property. He insisted that if an action at law had been brought for the property, limitations would have been no defence, the possession of the mortgagor not being adverse: he referred to 2 *Caine's Cases in Error*, 200.

1 *Fonb.* 323. 2 *Fonb.* 267, *note* (*o.*) 1 *Madd. Ch. Prac.* 428, 429.

BUCHANAN, Ch. J., delivered the opinion of the Court.

This cause lies within a narrow compass. Here the judge referred to the proceedings, and then said, *it is to be* observed that this mortgage was not insisted upon, nor set up in the answer, but the amount of the debt supposed to be due claimed for the first time before the auditor, as a set off against the distributive share of the appellant.

This debt became due and payable by the stipulation and covenant in the mortgage on the 1st of January, 1810, more than 16 years before the death of *Benjamin Harwood,* the mortgagee, who died in the year 1826. An attempt has been made in argument, to assimilate this case to that of a proceeding in *England,* by a mortgagee of land, against a mortgagor in possession for foreclosure ; where the right to foreclose, is only barred by a lapse of twenty years, without any payment of interest, or other recognition of the mortgage debt, in analogy to a debt by bond, which is there presumed to be paid, after a lapse of twenty years, without any recognition of the debt. But we do not perceive the analogy between that case and this. It is not a proceeding to foreclose, or in any shape against the thing mortgaged : besides, this is a mortgage not of real estate, but of *personal* property, very perishable personal property, negro men, horses, cattle, hogs and tobacco. And whether it has perished or not, or whether it ever passed into the hands of the mortgagee, or has continued to remain in the possession of the mortgagor, no where appears.

By the act of 1715, *ch.* 23, the act of limitations of this *State,* the recovery of a debt due by specialty, is barred after a lapse of twelve years. This is claimed as a mere debt, by way of set off against the distributive share of the appellant, and the mortgage is offered as evidence of that debt; and the question is, whether the plea of the act of limitations ought to have been allowed. It is a settled

principle that Chancery follows the law; and acting in obedience to the statute, the plea of limitations *is as available in equity, as at law,* in relation to the same subject matter. Here, the subject matter is a debt of 16 or 17 years standing, (with no recognition of it during the whole of that time) that is claimed to be allowed as such, in the statement of the account by the auditor, an action for the recovery of which, in a court of law, on the covenant in the mortgage, would be barred by the act of limitations. And we think it is equally barred in Chancery, and that the plea of the appellant ought to have been allowed. The decree of the Chancellor, therefore, so far as it disallows the plea of the act of limitations by the appellant, is *reversed.*

DECREE REVERSED.